JOHN P. LeCRONE (State Bar No. 115875)
 johnlecrone@dwt.com
ADAM R. GARDNER (State Bar No. 236696)
 adamgardner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
SUR LA TABLE, INC., JACK SCHWEFEL and
JEFF GOTTLIEB

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICCHIO,<br><br>    Plaintiff,<br><br> vs.<br><br>SUR LA TABLE, JACK SCHWEFEL,<br>JEFF GOTTLIEB and DOES 1-30,<br>inclusive,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF<br>ACTION UNDER 28 U.S.C. § 1441<br>(DIVERSITY)** |

CV09-00833 PSG (AGRx)

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants and petitioners Jack Schwefel ("Schwefel") and Jeff Gottlieb ("Gottlieb") hereby remove to this Court the State Action, defined below. In support of this Notice of Removal, Schwefel and Gottlieb allege as follows:

1. On or about December 16, 2008, plaintiff John Ricchio ("Plaintiff") filed the above-entitled action as Civil Case No. GC042008 in the Superior Court of the State of California, County of Los Angeles ("State Action"). A true and correct copy of the Complaint (the "Complaint") is attached hereto as Exhibit A.

2. On or about December 31, 2008, Plaintiff attempted to effect service of the Summons and Complaint on Schwefel and Gottlieb, respectively, via registered mail. Pursuant to California Code of Civil Procedure § 415.40, service by mail on an out-of-state defendant is deemed complete on the tenth day after such mailing. A notice of removal is timely when it is filed within 30-days of the service of the Complaint, as set forth in 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (removal period begins after proper service of complaint). Accordingly, assuming that service was properly effectuated on Schwefel and Gottlieb, respectively, as of January 10, 2009, this Notice of Removal is timely. See Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1117-1118 (N.D. Cal. 2006) (each defendant has a thirty-day period within which to remove after service).

3. The Complaint also identifies Sur La Table, Inc. (incorrectly sued as Sur La Table) (hereinafter, "Sur La Table") and "Does 1 through 30" as defendants in the above-entitled action. Plaintiff attempted to personally serve Sur La Table with a copy of the Summons and Complaint on December 23, 2008. Sur La Table has joined in this Removal as set forth in the concurrently-filed Joinder in Removal by Sur La Table. Because "Does 1 through 30" are fictitious, as discussed below, and because they have not yet been served, their consent to joinder in removal is not necessary. See Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429-

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  30 (9th Cir. 1984) (defendants named in the state court action but not yet served

2  need not be joined in the removal); see also Cmty. Bldg. Co. v. Maryland Cas. Co.,

3  8 F.2d 678, 678-79 (9th Cir. 1925).

4      4.    This is a civil action over which this Court has original jurisdiction

5  under 28 U.S.C. § 1332(a), and one which may be removed to this Court under 28

6  U.S.C. § 1441(a), in that it is a civil action between citizens of different states and

7  the matter in controversy exceeds the sum value of $75,000.00, exclusive of interest

8  and costs.  Because the State Action is pending in the Northeast District of the Los

9  Angeles Superior Court, removal of the State Action to this District Court is proper

10  under 28 U.S.C. § 1446(a).

11      5.    As alleged in the Complaint, Plaintiff worked in Sur La Table's Los

12  Angeles region since in or about April 2007 and he lives in the City of Pasadena.

13  (Complaint, ¶¶ 1, 12.)  Accordingly, Schwefel and Gottlieb allege that Plaintiff was

14  at the time of filing, and is now, a citizen of the State of California.

15      6.    Sur La Table was not at the time of filing, and is not, a citizen of the

16  State of California.  Sur La Table was at the time of filing, and is now, a corporation

17  incorporated in the State of Washington having its principal place of business in

18  Seattle, Washington.

19      7.    Schwefel was not at the time of filing, and is not, a citizen of the State

20  of California.  Schwefel was at the time of filing, and is now, a citizen of the State

21  of Washington.  (Complaint, ¶ 3.)

22      8.    Gottlieb was not at the time of filing, and is not, a citizen of the State

23  of California.  Gottlieb was at the time of filing, and is now, a citizen of the State of

24  Washington.  (Complaint, ¶ 4.)

25      9.    Pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal . . . the

26  citizenship of defendants sued under fictitious names shall be disregarded."

27  Consequently, the fictitious "Does 1 through 30" shall be disregarded for

28  determining diversity jurisdiction.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

10.   For the reasons set forth above, there is complete diversity between Plaintiff and all Defendants, and this action may be removed to this Court.  28 U.S.C. § 1441(a).

11.   Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial number of the alleged events giving rise to the Complaint took place in this District.

12.   The Complaint reveals that the amount in controversy exceeds $75,000.00.  In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations and brackets omitted).  In particular, where a plaintiff alleges tort claims and seeks both compensatory and punitive damages, courts have found it to be facially apparent that the matter in controversy exceeds $75,000.00.  See, e.g., White v. FCI USA, Inc., 319 F.3d 672, 674-76 (5th Cir. 2003) (jurisdictional amount satisfied based on general damage allegations in complaint and plaintiff's admission that "it [was] possible that [damages] will exceed $75,000.00 at the time of trial"); Luckett v. Delta Air Lines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework").

13.   Plaintiff alleges in the Complaint that, at a minimum, the amount in controversy is $30,000.00, plus general, special and punitive damages.  (Complaint, ¶¶ 33-34, Prayer for Relief.)

14.   Plaintiff purports to allege four causes of action against all Defendants: (1) wrongful discharge in violation of public policy, (2) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), (3) intentional

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

infliction of emotional distress and (4) violation of California Labor Code Section 970.

15.    Under the first through third causes of action, Plaintiff seeks punitive damages. (Complaint, Prayer for Relief.)  Under the first and second causes of action, Plaintiff also seeks general and special damages and reasonable attorneys' fees. (Complaint, Prayer for Relief.)  Under these two causes of action, Plaintiff seeks general and specific damages for, among other things, suffering the "loss of wages, salary, bonuses and other benefits," suffering from "humiliation, mental anguish, and emotional and physical distress" and being injured "in mind and body." (Complaint, ¶¶ 16-17, 24-25.)  Under the fourth cause of action, Plaintiff seeks <u>double</u> general, special and punitive damages.  (Complaint, Prayer for Relief.) The nature of these allegations, and the relief sought by Plaintiff in the Complaint, therefore makes it apparent that Plaintiff seeks greater than $75,000.00 in damages.

16.    The following constitutes all of the process, pleadings or orders received by all Defendants or otherwise found in the State Action file.  True and correct copies are attached:

| | | |
|---|---|---|
| Ex. A: | Complaint filed by John Ricchio |
| Ex. B: | Original Summons filed by John Ricchio |
| Ex. C: | Civil Case Cover Sheet filed by John Ricchio |
| Ex. D: | Civil Case Cover Sheet Addendum and Statement of Location filed by John Ricchio |
| Ex. E: | Notice of Case Management Conference served by the Court in the State Action |
| Ex. F: | Los Angeles Superior Court Civil Alternative Dispute Resolution (ADR) Package |
| Ex. G: | Proof of Service of Summons as to Sur La Table filed by John Ricchio |

NOTICE OF REMOVAL
DWT 12343800v6 0068638-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ex. H:     Proof of Service of Summons and Complaint as to Out of State Defendant Jeff Gottlieb filed by John Ricchio

Ex. I:     Proof of Service of Summons and Complaint as to Out of State Defendant Jack Schwefel

Ex. J:     Answer filed by Sur La Table

17.     Concurrently with the filing of this Notice, Schwefel and Gottlieb have provided written notice of removal to all adverse parties and have filed a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court.

DATED: February 3, 2009

DAVIS WRIGHT TREMAINE LLP
JOHN P. LECRONE
ADAM R. GARDNER


By: _____
          Adam R. Gardner

Attorneys for Defendants
SUR LA TABLE, INC., JACK SCHWEFEL and JEFF GOTTLIEB

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

COPY

ORIGINAL FILED

1    DANIEL P. DEAN, Bar No. 161028
     FOTOUHI EPPS HILLGER GILROY LLP
2    160 Pine Street, Suite 710
     San Francisco, CA 94111
3    Telephone: (415) 362-9300
     Facsimile: (415) 358-5521

4

     Attorneys for
5    Plaintiff John Rocchio

DEC 16 2008

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 COUNTY OF LOS ANGELES

9                                GC042008

| | |
|---|---|
| 10   JOHN RICCHIO,                ) | No. |
| 11            Plaintiff,     ) | **Complaint for Damages for:** |
| 12   v.                        ) | **1. Wrongful Discharge in Violation** |
|                                ) |     **of Public Policy** |
| 13   SUR LA TABLE, JACK SCHWEFEL, JEFF ) | **2. Discrimination** |
|     GOTTLIEB and DOES 1-30, inclusive,   ) | **3. Intentional Infliction of** |
| 14                                ) |     **Emotional Distress** |
|                  Defendant.     ) | **4. Violation of California Labor** |
| 15   ———————————————————— ) |     **Code Section 970** |
| 16                                ) | |

17        COMES NOW, Plaintiff, JOHN RICCHIO (hereafter "plaintiff") and, upon information

18   and belief alleges the following:

19                     **PRELIMINARY ALLEGATIONS**

20       1. Plaintiff John Ricchio is a gay male over the age of 40. He lives in the City of

21   Pasadena, County of Los Angeles, State of California.

22       2. Defendant Sur La Table is, and at all times mentioned was, a corporation

23   authorized to do business in the State of California. At all relevant times, it had store locations

24   in the County of Los Angeles, State of California.

25       3. Defendant Jack Schwefel is, and at all times mentioned was, a resident of the State of

26   Washington.

27       4. Defendant Jeff Gottlieb is, and at all times mentioned was, a resident of the State of

28   Washington.

5.  DOES 1-20 are corporations or associations or other organizations of unknown

form that are doing or conducting business in California and within the jurisdiction of this court

(hereinafter, all corporate, individual and DOE defendants will be referred to collectively as

"defendants") and fall under the jurisdiction of this court.

6.  DOES 21-30 are individuals whose principal place of residences are as yet not

ascertained.

7.  Plaintiff is ignorant of the true names and capacities of defendants herein named as

DOES 1 through 30, inclusive, and therefore, sues these defendants by such fictitious names.

Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8.  Plaintiff is informed and believes that defendants, and each of them, including DOES

1 through 30, are the agents, directors, partners, co-venturers, employees, shareholders, owners,

principals, successors, assigns, and/or representatives of the other defendants, and are equally

responsible for the acts/omissions and breaches alleged in this complaint as well as all damages

claimed.

### FIRST CAUSE OF ACTION

(Wrongful Discharge in Violation of Public Policy)

9.  Plaintiff incorporates herein by this reference and realleges each and every allegation

contained in the Preliminary Allegations (paragraphs 1-8) as though fully set forth herein.

10.  Plaintiff is a gay male over the age of 40 who was an employee of defendants from

August 2003 until his employment was wrongfully terminated on July 24, 2008.  Defendants

were aware/had actual knowledge of his age and sexual orientation.

11.  On or about July 24, 2008, defendants terminated plaintiff's employment because of

his age and sexual orientation, in violation of public policy.

12.  Plaintiff was named District Manager of the Year in 2006.  He received positive

reviews and annual raises.  Defendants relocated plaintiff from his home in Ohio to Los Angeles

on or about April 24, 2007, because they needed help with the troubled Los Angeles region.

13.  Once in Los Angeles, defendant Jeff Gottlieb made several inappropriate comments

about plaintiff's age and sexual orientation.  On July 24, 2008, defendants terminated plaintiff.

1   They told him that he was not curing the problems of the Los Angeles region quickly enough.

2   They replaced him with a less experienced employee who was younger and heterosexual.

3       14.  Defendants intentionally discriminated against plaintiff and terminated him, in

4   violation of public policy, because of his age and sexual orientation in that, among other acts:

5   defendant Jeff Gottlieb made several inappropriate comments about plaintiff's age and sexual

6   orientation.  On July 24, 2008, defendants terminated plaintiff.  They told him that he was not

7   curing the problems of the Los Angeles region quickly enough.  They replaced him with a less

8   experienced employee who was younger and heterosexual.

9       15.  Defendants' discriminatory actions against plaintiff, as alleged above, constituted

10   unlawful discrimination in employment on account of age and sexual orientation in violation of

11   public policy.

12       16.  As a proximate result of defendants' actions against plaintiff, as alleged above,

13   plaintiff has been harmed in that plaintiff has suffered the loss of wages, salary, bonuses and

14   other benefits, that he would have received had he not been terminated  by defendants, all in an

15   amount according to proof at trial. Further, plaintiff sustained damages, according to proof at

16   trial, by relocating to California from Ohio.

17       17.  As a proximate result of defendants' actions against plaintiff, as alleged above,

18   plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and

19   physical distress, and has been injured in mind and body, all in an amount according to proof at

20   trial.

21       18.  The aforementioned conduct of defendants was malicious, oppressive or fraudulent

22   and was done with the intention on the part of defendants of thereby depriving plaintiff of

23   property or legal rights or otherwise causing injury, and was despicable conduct that subjected

24   plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify

25   an award of exemplary and punitive damages.

26       19.  On October 7, 2008, plaintiff filed a charge of discrimination with the California

27   Department of Fair Employment and Housing (DFEH).

28       20.  On November 13, 2008, the DFEH issued plaintiff a notice of right to bring a civil

1    action based in the charge described above.

2         Wherefore, plaintiff prays judgment against defendants as set forth below.

3                        **SECOND CAUSE OF ACTION**

4                              (Discrimination)

5         21.  Plaintiff incorporates herein by this reference and realleges each and every allegation

6    contained in above paragraphs 1-20 as though fully set forth herein.

7         22.  Defendants intentionally discriminated against plaintiff because of his age and sexual

8    orientation by terminating him.  After plaintiff relocated to Los Angeles, defendant Jeff Gottlieb

9    made several inappropriate comments about plaintiff's age and sexual orientation.  Then, on

10   July 24, 2008, defendants terminated plaintiff.  They told him that he was not curing the

11   problems of the Los Angeles region quickly enough.  They replaced him with a less experienced

12   employee who was younger and heterosexual.

13        23.  Defendants' discriminatory actions against plaintiff, as alleged above, constituted

14   unlawful discrimination in employment on account of his age and sexual orientation in violation

15   of Government Code Section 12940(a).

16        24.  As a proximate result of defendants' discriminatory actions against plaintiff, as

17   alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, salary,

18   bonuses and other benefits, that he would have received had she not been terminated by

19   defendants, all in an amount according to proof at trial.  Further, plaintiff sustained damages,

20   according to proof at trial, by relocating to California from Ohio.

21        25.  As a proximate result of defendants' discriminatory actions against plaintiff, as

22   alleged above, plaintiff has been harmed in that he has suffered humiliation, mental anguish, and

23   emotional and physical distress, and has been injured in mind and body, all in an amount

24   according to proof at trial.

25        26.  The aforementioned conduct of defendants was malicious, oppressive or fraudulent

26   and was done with the intention on the part of defendants of thereby depriving plaintiff of

27   property or legal rights or otherwise causing injury, and was despicable conduct that subjected

28   plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify

1    an award of exemplary and punitive damages.

2         Wherefore, plaintiff prays judgment against defendants as set forth below.

3                            **THIRD CAUSE OF ACTION**

4                      (Intentional Infliction of Emotional Distress)

5         27.  Plaintiff incorporates herein by this reference and realleges each and every allegation

6    contained in above paragraphs 1-26 as though fully set forth herein.

7         28.  As set forth above, on or about July 24, 2008, defendants terminated plaintiff's

8    employment because of his age and sexual orientation.

9         29.  Defendants actions, as described above, were intentional and malicious and done for

10   the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and

11   physical distress.

12        30.  As the proximate result of the acts alleged above, plaintiff suffered humiliation,

13   mental anguish, and emotional and physical distress, and has been injured in mind and body, all

14   in an amount according to proof at trial.

15        31.  The aforementioned conduct of defendants was malicious, oppressive or fraudulent

16   and was done with the intention on the part of defendants of thereby depriving plaintiff of

17   property or legal rights or otherwise causing injury, and was despicable conduct that subjected

18   plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify

19   an award of exemplary and punitive damages.

20        Wherefore, plaintiff prays judgment against defendants as set forth below.

21                            **FOURTH CAUSE OF ACTION**

22                     (Violation of California Labor Code Section 970)

23        32.  Plaintiff incorporates herein by this reference and realleges each and every allegation

24   contained in above paragraphs 1-31 as though fully set forth herein.

25        33.  In or around April 2007, defendants influenced, persuaded and caused plaintiff to

26   move from Ohio to California to work in the Los Angeles region based on the following

27   knowingly false representations:  (a) that Sur La Table would pay $30,000 for him to relocate,

28   (b) that if his Ohio house did not sell, Sur La Table would discuss options/assistance, (c) that in

1   one year he could live anywhere on the West Coast and would have all West Coast District

2   Managers report to him, and (d) that Sur La Table would discuss with plaintiff's partner, Alex

3   Savakis, the possibility of doing freelance work in its creative department.

4        34.  Defendants made these knowingly false promises to influence, persuade and cause

5   plaintiff to relocate to Los Angeles from Ohio because they needed his talents and experience to

6   help turn around the troubled Los Angeles region.  Defendants had no intention of fulfilling

7   these promises made to plaintiff.  Defendants failed to fulfill these promises.  Defendants

8   actions violated California Labor Code Section 970.

9        35.  As a proximate result of defendants' knowingly false representations, as alleged

10  above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, salary, bonuses

11  and other benefits, according to proof at trial, by relocating to California from Ohio.  Plaintiff is

12  entitled to double damages pursuant to California Labor Code Section 972.

13       36.  As a proximate result of defendants' knowingly false representations, as alleged

14  above, plaintiff has been harmed in that he has suffered humiliation, mental anguish, and

15  emotional and physical distress, and has been injured in mind and body, all in an amount

16  according to proof at trial.  Plaintiff is entitled to double damages pursuant to California Labor

17  Code Section 972.

18       37.  The aforementioned conduct of defendants was malicious, oppressive or fraudulent

19  and was done with the intention on the part of defendants of thereby depriving plaintiff of

20  property or legal rights or otherwise causing injury, and was despicable conduct that subjected

21  plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify

22  an award of exemplary and punitive damages.  Plaintiff is entitled to double damages pursuant

23  to California Labor Code Section 972.

24            Wherefore, plaintiff prays judgment against defendants as follows:

25  **As To The First and Second Causes Of Action:**

26       1.  For general damages in an amount according to proof at trial;

27       2.  For special damages in an amount according to proof at trial;

28       3.  For punitive damages in an amount appropriate to punish defendants and deter others

---

from engaging in similar misconduct;

    4. For reasonable attorney's fees pursuant to Government Code Section 12965(b).

    5. For interest at the legal rate;

    6. For statutory costs;

    7. For such other and further relief as the court may deem proper.

**As To The Third Cause Of Action:**

    1. For general damages in an amount according to proof at trial;

    2. For punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

    3. For interest at the legal rate;

    4. For statutory costs;

    5. For such other and further relief as the court may deem proper.

**As To The Fourth Cause Of Action:**

    1. For double general damages in an amount according to proof at trial;

    2. For double special damages in an amount according to proof at trial;

    3. For double punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

    4. For interest at the legal rate;

    5. For statutory costs;

    6. For such other and further relief as the court may deem proper.

Dated:  December 15, 2008

                           FOTOUHI EPPS HILLGER GILROY LLP

                         By _____
                              Daniel P. Dean
                              Attorneys for John Ricchio

# EXHIBIT B

EXHIBITS TO NOTICE OF REMOVAL

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUR LA TABLE, JACK SCHWEFEL, JEFF
GOTTLIEB and DOES 1-30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN RICCHIO

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

DEC 16 2008

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court, Pasadena Courthouse 300 East Walnut Avenue Pasadena, CA 91101 | **CASE NUMBER:** *(Número del Caso):* GC042008 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel P. Dean of FOTOUHI EPPS HILLGER GILROY LLP
160 Pine Street, Suite 710, San Francisco, CA 94111, 415-362-9300

| DATE: *(Fecha):* DEC 16 2008 | JOHN A. CLARKE | Clerk, by *(Secretario)* | MICHAEL CAMPAGNA | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

# EXHIBIT C

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>— Daniel P. Dean, Bar No. 161028<br>FOTOUHI • EPPS • HILLGER • GILROY LLP<br>160 Pine St., Suite # 710<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415/362-9300    FAX NO.: 415/358-5521<br>ATTORNEY FOR *(Name)*  Plaintiff John Ricchio | FOR COURT USE ONLY<br><br>**ORIGINAL FILED**<br><br>DEC 16 2008<br><br>LOS ANGELES<br>SUPERIOR COURT<br>NORTHEAST DISTRICT |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 300 East Walnut Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Pasadena Courthouse

CASE NAME:
John Ricchio v. Sur La Table, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: GC042008 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*:  four
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 15, 2008

Daniel P. Dean
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

# EXHIBIT D

COPY

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RICCHIO V. SUR LA TABLE, ET AL. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| RICCHIO V. SUR LA TABLE, ET AL. | | |

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination<br>(36) | ☑ A6037  Wrongful Termination | 1., 2.,(3.) |
| | Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Judicial Review  Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RICCHIO V. SUR LA TABLE, ET AL. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: RICCHIO V. SUR LA TABLE, ET AL. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1640 La Loma Road |
|---|---|
| CITY: Pasadena | STATE: CA | ZIP CODE: 91105 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Pasadena _____ courthouse in the Northeast. _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: December 15, 2008

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT E

EXHIBITS TO NOTICE OF REMOVAL

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

ORIGINAL FILED

*Spade for Clerk's File Stamp*

DEC 1 6 2008

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

COURTHOUSE ADDRESS:
300 EAST WALNUT STREET, PASADENA, CALIFORNIA 91101

PLAINTIFF:

DEFENDANT:

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
GC042008

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: MAY 1 2 2009   Time: 8:30 a.m.   Dept.: ~~NEP~~ ~~NEP~~ ~~N30~~

NEP-JAN A. PLUIM
~~NEP-2 EDWARD SIMPSON~~
~~NEP-3 JOSEPH F. DE VANON~~

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: DEC 1 6 2008

*Candace J. Beason*

CANDACE J. BEASON
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

DEC 1 6 2008

JOHN A. CLARKE, Executive/Officer Clerk

MICHAEL CAMPAGNA

Dated: _____   By _____
Deputy Clerk

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

# EXHIBIT F

# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**  A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**  A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**  A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**  A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**  Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**  Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

**PARTY PAY PANEL**

The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**

The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono.  Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**ENE**

The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators.  The evaluators provide preparation time and three hours hearing time per case at no charge.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

**PRIVATE NEUTRAL**

The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

☐ **Additional signature(s) on reverse**

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

Page 1 of 2

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not… |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

**If you want to retain an attorney**, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

## THIS IS A TWO-SIDED DOCUMENT.

# EXHIBIT G

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
FOTOUHI, EPPS, HILLIGER, GILROY,LLP
DANIEL P. DEAN - SBN # 161028
160 PINE STREET, STE. 710
SAN FRANCISCO, CA  94111

TELEPHONE NO. (415) 362-9300      FAX NO.*(Optional)*(415) 358-5521
EMAIL ADDRESS   *(Optional)*
ATTORNEY FOR*(Name):*  JOHN RICCHIO

COURT NAME: LOS ANGELES SUPERIOR COURT
STREET ADDRESS: 300 E. WALNUT
MAILING ADDRESS: 300 E. WALNUT
CITY AND ZIP CODE: PASADENA, CA 91101
BRANCH NAME:

*FOR COURT USE ONLY*

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 1 ? 2008

JOHN A. CLARKE, CLERK

BY MICHAEL CAMPAGNA, DEPUTY

| PLAINTIFF/PETITIONER:   JOHN RICCHIO | CASE NUMBER:<br>GC042008 |
|---|---|
| DEFENDANT/RESPONDENT:   SUR LA TABLE, ET AL | |
| **PROOF OF SERVICE SUMMONS** | Ref No. or File No.<br>000J9045-01 |

*[Separate proof of service is required for each party served.]*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of

   a. [XX] summons
   b. [XX] complaint
   c. [XX] Alternative Dispute Resolution (ADR) package
   d. [XX] Civil Case Cover Sheet *(served in complex cases only)*
   e. [  ] cross-complaint
   f. [XX] other *(specify documents):*
      NOTICE OF CASE MANAGEMENT CONFERENCE; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION;

3. a. Party served *(specify name of party as shown on documents served):*
      SUR LA TABLE

   b. [XX] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      DENA LAPORTA-NATL REG AGENTS,AGENT FOR SERVICE OF PROCESS

4. Address where the party was served:  2875 MICHELLE DR., STE 100
   IRVINE, CA 92606

5. I served the party *(check proper box)*

   a. [XX] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party    (1) on *(date):*December 23, 2008 (2) at *(time):*    03:48 pm

   b. [  ] by substituted serviceOn *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [  ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

      (2) [  ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) [  ] **(physical address is unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*              or [  ] a declaration of mailing is attached.

      (5) [  ] I attach a declaration  of  diligence stating actions taken first to attempt personal service.

Page 1 of 2

Client File #RICCHIO V SUR LA TABLE ET AL

| PLAINTIFF/PETITIONER:  JOHN RICCHIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  SUR LA TABLE, ET AL | GC042008 |

c. ☐ **by mail and acknowledgment** of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

(1) on *(date)*:         (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The Notice to the Person Served (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*:  SUR LA TABLE
  under the following Code of Civil Procedure section:

  | | |
  |---|---|
  | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
  | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
  | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
  | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
  | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
  | | ☐ other: |

7. **Person who served papers**
  a. Name:  PREMYSL LAPCIK
  b. Address:  1424 21st Street, Sacramento, CA 95811
  c. Telephone number:  (916) 441-4396
  d. The fee for service was: $    79.50
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ Owner   ☐ employee   ☒ independent contractor.
      (ii) Registration No.: 2021
      (iii) County:  ORANGE

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  OR

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  December 30, 2008

PREMYSL LAPCIK
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

_____
(SIGNATURE)

Page 2 of 2
Code of Civil Procedure,§ 417.10

**PROOF OF SERVICE SUMMONS**

Client File # RICCHIO V SUR LA TABLE ET AL

# EXHIBIT H

EXHIBITS TO NOTICE OF REMOVAL

1  DANIEL P. DEAN, Bar No. 161028
   FOTOUHI EPPS HILLGER GILROY LLP
2  160 Pine Street, Suite 710
   San Francisco, CA 94111
3  Telephone: (415) 362-9300
   Facsimile: (415) 358-5521
4
   Attorneys for
5  Plaintiff John Rocchio

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 1 2 2009

JOHN A. CLARKE, CLERK

BY MICHAEL CAMPAGNA, DEPUTY

6

7             SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       COUNTY OF LOS ANGELES

9

10  JOHN RICCHIO,                          )   No. GC 042008
                                           )
11                         Plaintiff,      )   **Proof of Service of Summons and**
                                           )   **Complaint as to Out of State**
12  v.                                     )   **Defendant Jeff Gottlieb**
                                           )
13  SUR LA TABLE, JACK SCHWEFEL, JEFF      )
    GOTTLIEB and DOES 1-30, inclusive,     )
14                                         )
                           Defendant.      )
15  ─────────────────────────────────────  )

16

17

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────────────

Proof of Service of Summons and Complaint as to Out of State Defendant Jeff Gottlieb
C:\Documents and Settings\Bryan Saalfeld\My Documents\Ricchio-POS-Cover-Page.wpd                **Page 1 of 1**

## PROOF OF SERVICE

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 160 Pine Street, Suite 710, San Francisco, California, 94111.

That on **December 31, 2008,** I served the following:

1. Summons
2. Complaint

on the defendants listed below via registered mail, return receipt requested with the United State Postal Service in San Francisco, California.

Jeff Gottlieb
c/o Sur La Table
5701 - Sixth Avenue South #486
Seattle, Washington 98108

A copy of the return receipt is set forth below.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **January 8, 2009,** at San Francisco, California.

Daniel P. Dean



**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeff Gottlieb
c/o Sur La Table
5701 - Sixth Ave South #486
Seattle, WA 98108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X L. Rylander
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
L. Rylander

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☑ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     RE 515 129 461 US

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# EXHIBIT I

EXHIBITS TO NOTICE OF REMOVAL

1   DANIEL P. DEAN, Bar No. 161028
    FOTOUHI EPPS HILLGER GILROY LLP
2   160 Pine Street, Suite 710
    San Francisco, CA 94111
3   Telephone: (415) 362-9300
    Facsimile: (415) 358-5521
4
    Attorneys for
5   Plaintiff John Rocchio

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF LOS ANGELES

9

10  JOHN RICCHIO,                          )   No. GC 042008
                                           )
11                         Plaintiff,      )   **Proof of Service of Summons and**
                                           )   **Complaint as to Out of State**
12  v.                                     )   **Defendant Jack Schwefel**
                                           )
13  SUR LA TABLE, JACK SCHWEFEL, JEFF      )
    GOTTLIEB and DOES 1-30, inclusive,     )
14                                         )
                            Defendant.     )
15  ───────────────────────────────────   )

16

17

18

19

20

21

22

23

24

25

26

27

28

───────────────────────────────────────────────────────────────
Proof of Service of Summons and Complaint as to Out of State Defendant Jeff Gottlieb
C:\Documents and Settings\Bryan Saalfeld\My Documents\Ricchio-POS-Cover-Page.wpd                    **Page 1 of 1**

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 1 2 2009   *KM*
JOHN A. CLARKE, CLERK
BY MICHAEL CAMPAGNA, DEPUTY

## PROOF OF SERVICE

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 160 Pine Street, Suite 710, San Francisco, California, 94111.

That on **December 31, 2008,** I served the following:

1. **Summons**
2. **Complaint**

on the defendants listed below via registered mail, return receipt requested with the United State Postal Service  in San Francisco, California.

Jack Schwefel
c/o Sur La Table
5701 - Sixth Avenue South #486
Seattle, Washington 98108

A copy of the return receipt is set forth below.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **January 8, 2009,** at San Francisco, California.

Daniel P. Dean

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jack Schwefel
c/o Sur La Table
5701 - Sixth Ave South
#486
Seattle, WA  98108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  L. Rylander    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
L. Rylander

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☒ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    RE 515 129 458 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT J

EXHIBITS TO NOTICE OF REMOVAL

1  DAVIS WRIGHT TREMAINE LLP
   JOHN P. LeCRONE (State Bar No. 115875)
2  ADAM R. GARDNER (State Bar No. 236696)
3  865 S. Figueroa Street, Suite 2400
   Los Angeles, California 90017-2566
4  Telephone: (213) 633-6800
   Fax: (213) 633-6899
5
   Attorneys for Defendant
6  SUR LA TABLE, INC. (incorrectly named as "SUR LA
   TABLE")
7

ORIGINAL FILED

JAN 30 2009

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  JOHN RICCHIO,                    )  Case No. GC042008
                                     )
12          Plaintiff,               )  **ANSWER OF DEFENDANT SUR LA**
                                     )  **TABLE, INC. TO PLAINTIFF'S**
13     vs.                           )  **UNVERIFIED COMPLAINT**
                                     )
14                                   )  Assigned to the Hon. Jan A. Pluim
    SUR LA TABLE, JACK SCHWEFEL, JEFF )  Dept. P
15  GOTTLIEB and DOES 1-30, inclusive, )
                                     )  Action Filed: December 16, 2008
16          Defendants.              )
                                     )
17                                   )
                                     )
18                                   )

19

20

21

22

23

24

25

26

27

28

Defendant Sur La Table, Inc. (incorrectly named as "Sur La Table") ("Sur La Table"), answering for itself and no others, responds to the unverified complaint of Plaintiff John Ricchio ("Plaintiff") as follows:

## GENERAL DENIAL

1.     Pursuant to California Code of Civil Procedure Section 431.30(d), Sur La Table denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2.     Sur La Table further denies that Plaintiff has sustained any injury, damage or loss by reason of any act or omission on the part of Sur La Table, and specifically denies that Plaintiff suffered any of the damages alleged in the Complaint.

3.     Sur La Table further denies that Plaintiff is entitled to any relief against Sur La Table on any ground whatsoever, and denies that Plaintiff is entitled to damages against Sur La Table in any amount.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations in the Complaint, Sur La Table alleges the following separate and distinct affirmative defenses as to each and every cause of action of the Complaint. In so doing, Sur La Table does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each of its causes of action alleged against Sur La Table, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Sur La Table.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff is barred from recovering under the Complaint, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff is barred from recovering under the Complaint, in whole or in part, by the doctrine of waiver.

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff is barred from recovering under the Complaint, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff is barred from recovering under the Complaint, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff is barred from recovering under the Complaint, in whole or in part, by the doctrine of consent.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff is barred from recovering under the Complaint, in whole or in part, by the applicable statutes of limitations, including but not limited to, Cal. Code Civ. Proc. §§ 335.1, 338, 339, 340 and Cal. Gov't Code §§ 12960(d) and 12965(b).

### EIGHTH AFFIRMATIVE DEFENSE

8.      While Sur La Table denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff has failed to take reasonable action to mitigate or minimize his alleged damages, including without limitation, by failing to utilize Sur La Table's internal complaint procedure or otherwise putting Sur La Table on notice of the allegations in his Complaint.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff is barred from recovering under the Complaint, in whole or in part, because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages under Cal. Civil Code § 3294 and in any event, such punitive damages are unconstitutional.

### TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff's Complaint alleges mental, emotional and/or physical injury arising out of his employment and recovery is barred in whole or in part on the ground that the Workers'

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Compensation Act, California Labor Code § 3200, *et seq.*, provides the exclusive remedy for said injuries, and, as such, the Court lacks jurisdiction to hear such claims.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff is barred from recovering under the Complaint, in whole or in part, because Plaintiff was an employee at will pursuant to Cal. Labor Code § 2922 and was not entitled to continued employment.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff is precluded from asserting some or all of his claims to the extent that he has failed to satisfy and exhaust the administrative prerequisites for bringing such claims, and/or to the extent the Complaint is based on alleged actions not encompassed in the charges filed by Plaintiff with the California Department of Fair Employment and Housing.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff is barred from recovering under the Complaint, in whole or in part, because the conduct of Sur La Table at all times relevant was in good faith, in the exercise of its reasonable business judgment, and for legitimate business purposes and/or necessity, and therefore, privileged.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff is barred from recovering under the Complaint, in whole or in part, because all actions taken by Sur La Table with respect to Plaintiff were, at all times relevant, taken in good faith for legitimate, non-discriminatory reasons, and without any intent to discriminate against or injure Plaintiff in any manner prohibited by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Even if Plaintiff could prove that sexual orientation and/or age was a factor in any employment action by Sur La Table, there were other legitimate factors that motivated the employment action, although such is not hereby admitted and is specifically denied. Sur La Table asserts that it would have taken the same employment action with respect to Plaintiff in the absence of any impermissible factors.

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff is barred from recovering under the Complaint, in whole or in part, because Sur La Table did not act with the requisite degree of intent or fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    To the extent Plaintiff has suffered any injury, which Sur La Table denies, such injury was caused in whole or in part by the actions and contributory or comparative fault of individuals or entities other than Sur La Table.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Sur La Table alleges that because the Complaint is couched in conclusory terms, and is devoid of meaningful allegations, it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Sur La Table reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

## PRAYER

WHEREFORE, Sur La Table prays for judgment herein as follows:

1.    That Plaintiff takes nothing by way of his Complaint on file herein;

2.    That the Complaint be dismissed with prejudice and judgment entered in favor of Sur La Table;

3.    That Sur La Table be awarded its costs of suit, including its reasonable attorneys' fees; and

4.    For such other and further relief as the Court deems just and proper.

DATED: January 30, 2009            DAVIS WRIGHT TREMAINE LLP
                                   JOHN P. LECRONE
                                   ADAM R. GARDNER


                                   By: _____
                                       Adam R. Gardner

                                   Attorneys for Defendant
                                   SUR LA TABLE, INC. (incorrectly named as
                                   "SUR LA TABLE")

ANSWER OF DEFENDANT SUR LA TABLE
DWT 12396723v1 0068638-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On January 30, 2009, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT SUR LA TABLE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

**Daniel P. Dean**
**FOTOUHI EPPS HILLGER GILROY LLP**
**160 Pine Street, Suite 710**
**San Francisco, CA 94111**

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on January 30, 2009, at Los Angeles, California.

☑  State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐  Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Miriam Cardona | _Miriam Cardona_ |
|---|---|
| Print Name | Signature |

---

i

ANSWER OF DEFENDANT SUR LA TABLE
DWT 12396723v1 0068638-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On February 3, 2009, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Daniel P. Dean
FOTOUHI EPPS HILLGER GILROY LLP
160 Pine street, Suite 710
San Francisco, CA 94111

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on February 3, 2009, at Los Angeles, California.

☑   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____        _____
Avis Jackson                              Signature
Print Name

NOTICE OF REMOVAL
DWT 12343800v6 0068638-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899