O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-838 PSG (AGRx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | John Ricchio v. Sur La Table, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

        Not Present                                                                Not Present

**Proceedings:**     **(In Chambers) Order Remanding Action**

      On February 3, 3009, Sur La Table, Inc. ("Defendant") removed this action to this Court on the basis of diversity jurisdiction.  On February 23, 2009, the Court issued an order to show cause ("OSC") re: remand.  Specifically, the Court indicated that Defendant's averment regarding its principal place of business was patently insufficient under 28 U.S.C. § 1332(c).  Defendant filed a response to the OSC on March 16, 2009.  However, for the following reasons, the Court finds Defendant's response inadequate.

      As noted in the Court's OSC, the Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business.  *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders.").  Accordingly, in determining a corporate party's principal place of business, this Court looks to the same factors.  This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place.  *Id*.

      In its response to the OSC, Defendant indicated that 668 of its employees, or 31 percent, are located in California.  Defendant stated that it has 196 employees in Washington (9 percent) and 152 employees in Indiana (7 percent).  Thus, far more of Defendant's employees are located in California than in any other state.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-838 PSG (AGRx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | John Ricchio v. Sur La Table, Inc., et al. | | |

      Defendant indicated that it does not own any real property, but it leases property for its retail stores in 27 states. Although it gave the square footage of several of its largest facilities, it did not offer any information as to where most of its inventory or other property is located.

      According to Defendant, the "production activities" factor is not applicable because it is not a manufacturer. Defendant is a speciality retailer which purchases goods "from around the world" and sells them to the public. However, Defendant has not offered anything more than this vague statement as to where most of its purchases are made.

      Finally, Defendant's response failed to provide specific information regarding where income is earned and where sales take place. Defendant merely averred that no state is responsible for more than 36 percent of its sales in its retail stores, which account for 90 percent of Defendant's total sales. This information does not allow the Court to compare the percentage of business conducted in California with that conducted in other states to determine the place "where the corporation conducts the most activity that is visible and impacts the public." *Indus. Tectonics,* 912 F.2d at 1094.

      "Nothing is to be more jealously guarded . . . than [a court's] jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). Defendant had an opportunity to demonstrate that jurisdiction exists in this matter. Defendant failed to carry this burden. Accordingly, this action is REMANDED for lack of jurisdiction.

      **IT IS SO ORDERED.**